1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK,<br><br>           Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>         Defendant(s). | 2:13-CV-1375 JCM (PAL) |

**AMENDED ORDER**

Presently before the court are defendant counter-claimant SFR Investments Pool 1, LLC's ("SFR") emergency motions for a temporary restraining order (doc. # 24) and preliminary injunction (doc. # 23).

**I.     Background**

This is a mortgage and foreclosure related lawsuit.  Plaintiff Wells Fargo Bank, N.A., ("Wells Fargo") has filed a complaint against defendants SFR, Greenpoint Mortgage Funding, and Michael and Amanda Cyphers ("Cyphers").  Plaintiff asserts a claim for quiet title against defendants and requests declaratory relief from the court that plaintiff's security interest in the property commonly known as 230 Valerian Street, Henderson, Nevada, 89015 (APN # 179-16-217-019) (hereinafter "the property") remains intact, and that defendants' interest in the property is subject to plaintiff's first position deed of trust.

In 2005, the Cyphers obtained a home loan in the amount of $460,000. The loan was secured by a deed of trust against the subject property and was recorded on December 9, 2005.  In or around

**James C. Mahan**
**U.S. District Judge**

January 2011, the Cyphers became delinquent on their deed of trust payments.

Shortly thereafter, the Cyphers fell behind in the payment of their home owners association assessments to Cinnamon Ridge ("the HOA"). The HOA recorded a lien on May 15, 2012, and filed a notice of default and election to sell under the HOA lien on July 9, 2012.

The original lender and beneficiary, Greenpoint Mortgage, assigned its rights under the note and deed of trust to plaintiff Wells Fargo, which was recorded on October 22, 2012.

On March 8, 2013, the HOA sold the property at public auction to defendant SFR for $10,000. The foreclosure deed was recorded on March 18, 2013.

On August 8, 2013, plaintiff filed a complaint in this court alleging a cause of action for quiet title and seeking declaratory relief. Defendant SFR has filed a counterclaim and third party complaint for quiet title, declaratory relief, unjust enrichment, and preliminary and permanent injunctive relief. The instant motions seek emergency relief enjoining Wells Fargo from conducting a foreclosure sale currently scheduled for December 12, 2013.

## II.    Legal Standard

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order or preliminary injunction: (1) a likelihood

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3)

2  balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365,

3  374–76 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each

4  element.

5  **III.  Discussion**

6      In arguing for a temporary restraining order and preliminary injunction, defendant fails to

7  meet its burden to demonstrate that it has "a likelihood of success on the merits."  Defendants'

8  argument hinges on the assertion that its purchase of the property for $10,000 in the foreclosure sale

9  extinguished Wells Fargo's interest in the property.

10      Defendants argue that "[b]ecause there is no binding authority on this issue, this Court should

11  perform a statutory analysis. . ."  (Doc. # 24, p. 7).  However, this court has already performed a

12  statutory analysis, and has thoroughly established that a foreclosure conducted under Nev. Rev. Stat.

13  116.3116 does not alter or extinguish a first position deed of trust. *See, e.g.*, *Premier One Holdings,*

14  *Inc. v. BAC Home Loans Servicing LP, et al.,* 2:13-cv-00895-JCM-GWF, *3 (D. Nev. Aug. 15,

15  2013); *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:12-cv-00949-KJD-RJJ,

16  2013 WL 531092 (D. Nev. Feb. 11, 2013); *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*,

17  no. 2:13-cv-00164-RCJ, 2013 WL 2460452 (D. Nev. June 6, 2013); *Weeping Hollow Ave. Trust v.*

18  *Spencer*, no. 2:13-cv-00544-JCM-VCF, 2013 WL 2296313 (D. Nev. May 24, 2013); *Kal-Mor-USA,*

19  *LLC v. Bank of America, N.A.*, no. 2:13-cv-0680-LDG-VCF, 2013 WL 3729849; *Centano v.*

20  *Mortgage Electronic Registration Systems, Inc.*, no. 2:11-cv-02105-GMN-RJJ, 2013 WL 3730528

21  (D. Nev. Aug. 28, 2012); *LVDG Series 114 v. Wright et al*, no. 2:13-1775-JCM-NJK (D. Nev. Nov.

22  13, 2013).

23      In addition to their own independent interpretation of NRS 116, defendants rely heavily on

24  the Nevada Real Estate Division's and others' advisory opinions interpreting the statute in their

25  favor.  However, this court has already considered the same or similar non-binding authorities and

26  rejected them.  *See*, *e.g.*, *LVDG Series 114*, no. 2:13-1775-JCM-NJK (D. Nev. Nov. 13, 2013).  The

27  court is comfortable with its interpretation of NRS 116.3116, and declines to revisit it.  *See id.*

28

**James C. Mahan**
**U.S. District Judge**

1    Because defendants' motion is entirely based on a premise that this court has repeatedly held

2    to be unfounded, defendants cannot prove a reasonable likelihood of success on the merits.

3    Accordingly, the emergency motions for a temporary restraining order and preliminary injunction

4    will be denied.[1]

5    Accordingly,

6    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' emergency

7    motion for a temporary restraining order (doc. # 24) be, and the same hereby is, DENIED.

8    IT IS FURTHER ORDERED that defendants' emergency motion for a preliminary injunction

9    (doc. # 23) be, and the same hereby is, DENIED.

10    IT IS SO ORDERED December 2, 2013.

11

12    _____

UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25    _____

26    [1] In the alternative, defendants move the court to enter an injunction pending appeal pursuant to Fed. R. App.
P. 8(a)(1).   When considering an injunction pending appeal, the first factor a district court evaluates is the movant's
27    likelihood of success on the merits.  *See Humane Soc. of U.S. v. Guitierrez*, 558 F.3d 896 (9th Cir. 2009) (citing *Winter
v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008)).   The court denies this alternate request based on its conclusion that
28    defendants are not likely to succeed on the merits.